IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| James M. Cuyler, | C/A No. 3:09-2774-DCN-PJG |
| Plaintiff, | |
| vs. | **REPORT AND RECOMMENDATION** |
| State of South Carolina, Judges: Cameron McGowan Currie; Joseph R. McCrorey; Joseph F. Anderson; and Walter W. Wilkins, | |
| Defendants. | |

The plaintiff, James M. Cuyler, ("Plaintiff"), a self-represented federal prisoner, brings this action alleging violations of his civil rights. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC. By filing the Complaint now under review, Plaintiff attempts to sue three judges of this court and the United States Attorney for the District of South Carolina. He contends in conclusory statements that the defendants (some or all of them) engaged in "conspiracy to commit fraud and civil rights violations" without stating what they did that was allegedly fraudulent or without describing the actions each defendant allegedly took in connection with the alleged "conspiracy." The only somewhat informative factual allegation in the Complaint about what the basis is for his claims is the statement that "Defendants willfully Dismiss

Plaintiff complaint against the ARMY . . . ," which he claims is a criminal violation.[1] He also claims that some or all defendants "intentionally deprived plaintiff of his protected rights. . . ," but he does not say how they did this or what specific "protected rights" he refers to, except that, in separate paragraphs, he refers to the "fourteenth" and "seventh" amendments, claiming they were violated. He does not say what happened to show such "violations." Plaintiff does not provide dates, times, places, or any other detail (except for the one allegation about the previous case dismissal) for the alleged constitutional violations. He seeks both compensatory and punitive damages from each defendant.

## *PRO SE* REVIEW

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint. This review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995) (*en banc*); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).

This court is required to liberally construe *pro se* complaints. Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with

---

[1] It is judicially noticed that Plaintiff filed and unsuccessfully pursued a civil action against the United States Army in this court between September 25, 2008 and June 22, 2009. See Cuyler v. Dep't of Army, Civil Action No. 3:08-3261-CMC (dismissed under Fed. R. Civ. P. 12(b)(6) on motion of the defendant). Although he did not appeal that case to the Fourth Circuit Court of Appeals, Plaintiff filed several unsuccessful post-judgment pleadings in the case between July and September 2009. Each of the three District Court Judges who Plaintiff names as a defendant in this case entered Orders in the previous case. The United States Attorney was defense counsel for the Department of Army in that case. See Aloe Creme Laboratories, Inc. v. Francine Co., 425 F.2d 1295, 1296 (5th Cir. 1970) (a federal court may take judicial notice of the contents of its own records).

liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. Erickson v. Pardus, 551 U.S. 89 (2007); Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. Fine v. City of New York, 529 F.2d 70, 74 (2d Cir. 1975).

Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a petition to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

**DISCUSSION**

Initially, the Complaint in this case is subject to summary dismissal without the issuance of service of process because it is in violation of the directive in Federal Rule of Civil Procedure 8(a) that pleadings shall contain "short and plain statement[s]" of the basis for the court's jurisdiction and of the basis for Plaintiff's claims against defendants. As stated above, Plaintiff fails to provide the court with any real factual background for the claims of constitutional violations he attempts to raise. Although he has named several defendants, he does not state which defendant or defendants were involved in the alleged "conspiracy to commit fraud" or what, if anything, the defendants did that could be

considered "fraudulent." As a result, without excessive expenditure of precious judicial resources, it is impossible to determine which, if any, allegations of wrongdoing are made with respect to each defendant.

The "liberal pleading requirements" of Rule 8(a) require a "short and plain" statement of the claim, but the plaintiff must "offer more detail . . . than the bald statement that he has a valid claim of some type against the defendant." Trulock v. Freeh, 275 F.3d 391, 405 (4th Cir. 2001) (internal citations omitted). Specifically, "[t]he presence [ ] of a few conclusory legal terms does not insulate a complaint from dismissal under Rule 12(b)(6) when the facts alleged in the complaint do not support the legal conclusion." Id. at 405 n.9 (internal quotation marks and citations omitted and alterations in original). For example, in this case Plaintiff makes broad legal conclusions that his "civil rights" under the "Fourteenth Amendment and the Seventh Amendment" were violated, but, other than the brief mention of an otherwise unidentified "complaint against the Army" being dismissed, he fails to say specifically how those rights were violated and specifically by whom. Instead, he refers to all defendants collectively, stating that they "deprived [him] of his protected rights," but still failing to say what each defendant did that allegedly created the deprivation.

Although the court is bound to liberally construe Plaintiff's *pro se* complaint, Plaintiff must do more than make mere conclusory statements to support his claim. Brown v. Zavaras, 63 F.3d 967 (10th Cir. 1995); see Adams v. Rice, 40 F.3d 72 (4th Cir. 1994) (affirming district court's dismissal of plaintiff's suit as frivolous where allegation was conclusory and nonsensical on its face); White v. White, 886 F.2d 721, 723 (4th Cir. 1989) (same, where plaintiff's complaint "failed to contain any factual allegations tending to support his bare assertion"). In fact, due to the lack of factual allegations of specific

wrongdoing attributable to specific defendants, the Complaint is both frivolous and fails to state a claim on which relief may be granted.  See Cochran v. Morris, 73 F.2d 1310 (4th Cir. 1996) (statute allowing dismissal of *pro se*-filed claims encompasses complaints that are either legally or factually baseless); Weller v. Dep't of Social Servs., 901 F.2d 387, 389 (4th Cir. 1990) (dismissal proper where there were no allegations against defendants); see also Inmates v. Owens, 561 F.2d 560, 562-63 (4th Cir. 1977) (dismissing a *pro se* complaint for improper pleading); Holsey v. Collins, 90 F.R.D. 122, 128 (D. Md. 1981).  As the United States Supreme Court has recently explained, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to plead a claim.  Ashcroft v. Iqbal, 556 U.S. __, ___, 129 S. Ct. 1937, 1949 (2009).  The same Court further stated, "[W]e are not bound to accept as true a legal conclusion couched as a factual allegation."  Id. at S. Ct. 1949-50 (quotation marks omitted).

Moreover, even if the Complaint's allegations were sufficiently clear and informative to permit this court to liberally construe Plaintiff's claims of constitutional violations as based on the various rulings made by the Defendant District Judges and the participation of the United States Attorney as defense counsel in his prior case, see supra note 1, these claims would nonetheless be subject to summary dismissal.  To the extent that Plaintiff seeks damages from the three United States District Court Judges because of the way they ruled on the issues he raised in Civil Action No. 3:08-3261-CMC, those claims are barred by the doctrine of absolute judicial immunity.   As the Fourth Circuit has stated relevant to the reasons for the doctrine of absolute immunity for judges:

> The absolute immunity from suit for alleged deprivation of rights enjoyed by judges is matchless in its protection of judicial power.  It shields judges even against allegations of malice or corruption. . . .  The rules is tolerated, not because corrupt or malicious judges should be immune from suit, but only because it is recognized that judicial officers in whom discretion is entrusted

> must be able to exercise discretion vigorously and effectively, without apprehension that they will be subjected to burdensome and vexatious litigation.

McCray v. Maryland, 456 F.2d 1, 3 (4th Cir. 1972) (citations omitted), *overruled on other grounds*, Pink v. Lester, 52 F.3d 73, 77 (4th Cir. 1995).

The doctrine of absolute immunity for acts taken by a judge in connection with his or her judicial authority and responsibility is well established and widely recognized. See Mireles v. Waco, 502 U.S. 9, 11-12 (1991) (judges are immune from civil suit for actions taken in their judicial capacity, unless "taken in the complete absence of all jurisdiction."); Stump v. Sparkman, 435 U.S. 349, 359 (1978) ("A judge is absolutely immune from liability for his judicial acts even if his exercise of authority is flawed by the commission of grave procedural errors."); Pressly v. Gregory, 831 F.2d 514, 517 (4th Cir. 1987) (a suit by South Carolina inmate against two Virginia magistrates); Chu v. Griffith, 771 F.2d 79, 81 (4th Cir. 1985) ("It has long been settled that a judge is absolutely immune from a claim for damages arising out of his judicial actions."); see also Siegert v. Gilley, 500 U.S. 226 (1991) (immunity presents a threshold question which should be resolved before discovery is even allowed); Burns v. Reed, 500 U.S. 478 (1991) (safeguards built into the judicial system tend to reduce the need for private damages actions as a means of controlling unconstitutional conduct); Mitchell v. Forsyth, 472 U.S. 511, 526 (1985) (absolute immunity "is an immunity from suit rather than a mere defense to liability"). Furthermore, the doctrine of absolute immunity from lawsuits seeking damages for constitutional violations allegedly arising from legal representation has also been recognized as applicable to such claims asserted against United States Attorneys, such as Defendant Wilkins, who acted

as defense counsel for United States agencies, officials, or employees in Bivens cases[2] such as the one that Plaintiff unsuccessfully pursued in Civil Action No. 3:08-3261-CMC. Bryan v. Murphy, 243 F. Supp. 2d 1375, 130-81 (N.D. Ga. 2003); Moore v. Schlesinger, 150 F. Supp.2d 1308, 1313-14 (M.D. Fla. 2001). If Plaintiff disagreed with the rulings made in his prior case or with the way defense counsel litigated the case, he could have appealed the final judgment to the Fourth Circuit. However, since all four named defendants are entitled to absolute immunity from the damage claims that Plaintiff appears to be attempting to assert in this case, Plaintiff's claims must fail.

**RECOMMENDATION**

Because the Complaint fails to satisfy the requirements of Federal Rule of Civil Procedure 8 and, alternatively, because all defendants are immune from suit on the claims apparently asserted, this case should be summarily dismissed. See United Mine Workers v. Gibbs, 383 U.S. 715 (1966).

_____
November 17, 2009  Paige J. Gossett
Columbia, South Carolina  UNITED STATES MAGISTRATE JUDGE

*Plaintiff's attention is directed to the important notice on the next page.*

---

[2]See Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 397 (1971). In Bivens, the United States Supreme Court established a direct cause of action under the Constitution of the United States against federal officials for the violation of federal constitutional rights. A Bivens claim is analogous to a claim under 42 U.S.C. § 1983: federal officials cannot be sued under 42 U.S.C. § 1983 because they do not act under color of *state* law. Harlow v. Fitzgerald, 457 U.S. 800, 814-20 (1982).

**Notice of Right to File Objections to Report and Recommendation**

The plaintiff is advised that he/she may file specific written objections to this Report and Recommendation with the district judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985).