IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| James M. Cuyler, | ) | |
| | ) | Civil No. 3:09-CV-2774-DCN |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| State of South Carolina; Judges: | ) | **ORDER & OPINION** |
| Cameron McGowan Currie, | ) | |
| Joseph R. McCrory, Joseph F. | ) | |
| Anderson; and United States Attorney | ) | |
| Walter W. Wilkins, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the court on the magistrate judge's report and
recommendation, made in accordance with 28 U.S.C. § 636(b)(1)(B), that this court
dismiss plaintiff's complaint.[1]  Also before the court are plaintiff's motion to disqualify
the undersigned, motion for nonjoinder, and motion for default judgment.  For the
reasons set forth below, the court adopts the magistrate judge's report and
recommendation, dismisses plaintiff's complaint, denies plaintiff's motion to disqualify,
denies as moot plaintiff's motion for nonjoinder, and denies as moot plaintiff's motion
for default judgment.

## I.  BACKGROUND

In the current action, plaintiff alleges that defendants have engaged in a

---

[1] The magistrate judge incorrectly referred to plaintiff as a federal prisoner in her report
and recommendation.  Plaintiff is not in prison, and, to this court's knowledge, he never
has been.

conspiracy to commit fraud and civil rights violations that have injured plaintiff to the tune of $25,000,000.[2]  Specifically, plaintiff says that defendants have violated his Seventh and Fourteenth Amendment rights, have committed a criminal act under 18 U.S.C. § 242, and have deprived plaintiff of his rights under 42 U.S.C. § 1983.  The magistrate judge has reviewed plaintiff's complaint and recommends summary dismissal for failure to satisfy Rule 8 of the Federal Rules of Civil Procedure, and, alternatively, because all defendants are immune from suit.[3]  Plaintiff has filed objections to the magistrate judge's report and recommendation.

## II.  STANDARD OF REVIEW

This court is charged with conducting a de novo review of any portion of the magistrate judge's report to which a specific, written objection is made.  28 U.S.C. § 636(b)(1).  A party's failure to object is accepted as agreement with the conclusions of the magistrate judge.  See Thomas v. Arn, 474 U.S. 140 (1985).  This court is not required to review, under a de novo standard, or any other standard, the factual findings and legal conclusions of the magistrate judge to which the parties have not objected.  See id. at 149-50.  A party's general objections are not sufficient to challenge a magistrate judge's findings.  Howard v. Secretary of Health & Human Servs., 932 F.2d 505, 508-09

---

[2] Plaintiff filed an earlier action against the United States Army alleging, among other things, that he was wrongfully discharged from the military.  See Cuyler v. Dep't of the Army, No. 08-3261.  Plaintiff's earlier action was dismissed pursuant to Rules 12(b)(1) and (6) of the Federal Rules of Civil Procedure.  Plaintiff did not appeal that judgment, but he did pursue (unsuccessfully) several post-judgment motions for relief.

[3] The magistrate judge only addressed the four individual defendants when discussing immunity.  In its discussion of the topic below, the court addresses those defendants as well as the state of South Carolina.

(6th Cir. 1991). The recommendation of the magistrate judge carries no presumptive weight, and the responsibility to make a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). This court may accept, reject, or modify the report of the magistrate judge, in whole or in part, or may recommit the matter to her with instructions for further consideration. 28 U.S.C. § 636(b)(1).

## III. DISCUSSION

### A. Motion to Disqualify the Undersigned

Plaintiff has filed a motion seeking to disqualify the undersigned from presiding in his case pursuant to 28 U.S.C. §§ 144 and 455 due to alleged "bias and prejudice." Pl. Br. at 2. A judge must recuse himself in cases where the party seeking recusal files a timely and sufficient affidavit stating the judge has a personal bias or prejudice either against the affiant or in favor of any adverse party, 28 U.S.C. § 144, or where his impartiality might reasonably be questioned. 28 U.S.C. § 455. Plaintiff has not filed an affidavit needed to comply with section 144; therefore, recusal under that section is not appropriate. Moreover, even if the court could deem plaintiff's motion as in compliance with the affidavit requirement, plaintiff has set forth no facts showing that the undersigned has any bias or prejudice against him.

Under section 455, "'[d]isqualification is required if a reasonable factual basis exists for doubting the judge's impartiality. The inquiry is whether a reasonable person would have a reasonable basis for questioning the judge's impartiality, not whether the judge is in fact impartial.'" United States v. Cherry, 330 F.3d 658, 665 (4th Cir. 2003) (quoting In re Beard, 811 F.2d 818, 827 (4th Cir. 1987)). However, "'unsupported,

3

irrational or highly tenuous speculation'" will not require recusal.  Id. (quoting United States v. DeTemple, 162 F.3d 279, 287 (4th Cir. 1998)).  Moreover, "'judicial rulings alone almost never constitute a valid basis for a bias or partiality motion.'"  United States v. Lentz, 524 F.3d 501, 530 (4th Cir. 2008) (quoting Liteky v. United States, 510 U.S. 540, 555 (1994)).

Plaintiff's concern with the undersigned's impartiality apparently stems from the court's order denying a hearing before the undersigned in his previous case, Cuyler v. Dep't of the Army, No. 08-3261.  Plaintiff alleges that the undersigned harbors bias and prejudice against him and that the undersigned failed "to disclose the facts that he conspired with the above named defendants in the lawsuit."  Pl. Br. at 4.  Plaintiff's allegations are conclusory, at best, and have absolutely no support in the record. Plaintiff's argument reveals a prevailing theme: plaintiff's disagreement with the court's prior ruling in his previous case.[4]  Plaintiff has pointed to nothing in the record or elsewhere that raises even the appearance of impartiality, much less actual bias or prejudice.  This is because there is none to be found.  At base, plaintiff takes issue with the court's prior ruling, but his disagreement with a court's prior ruling is not a valid basis for a recusal motion.  Accordingly, plaintiff's motion to disqualify is denied.

**B.  Dismissal of Plaintiff's Complaint**

The magistrate judge has recommended dismissal of plaintiff's complaint for failure to comply with the directive in Rule 8 of the Federal Rules of Civil Procedure that

---

[4] This is not the first time plaintiff has moved for recusal of a judge who has ruled against him.  In his previous lawsuit, plaintiff sought the recusal of several judges by either moving to disqualify them or attempting to add them as defendants in his case.

complaints shall contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  As an initial matter, the court notes that plaintiff is proceeding pro se in this case.  Pro se complaints should be construed liberally by this court and are held to a less stringent standard than those drafted by attorneys.  Estelle v. Gamble, 429 U.S. 97, 106 (1976).  Liberal construction, however, does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim cognizable in a federal district court.  See Weller v. Dep't of Soc. Servs., 901 F.2d 387, 390-91 (4th Cir. 1990).  Dismissal of a pro se complaint for failure to state a valid claim is only appropriate when, after applying this liberal construction, it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  Haines v. Kerner, 404 U.S. 519, 521 (1972).  In evaluating a complaint, this court "will construe the factual allegations 'in the light most favorable to the plaintiff.'"  Schatz v. Rosenberg, 943 F.2d 485, 489 (4th  Cir.1991) (quoting Battlefield Builders v. Swango, 743 F.2d 1060, 1062 (4th Cir. 1984)).

Federal Rule of Civil Procedure 8(a)(2) requires "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  To comply with this pleading standard, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Id.  "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 129 S. Ct.

1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. Rather, "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555. "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 129 S. Ct. at 1950.

Plaintiff's complaint comes nowhere near the mark required by Twombly and Iqbal. Plaintiff offers no facts whatsoever to support his allegations. Indeed, he does not even recite the elements of the claims he purports to bring, which in itself would have been insufficient to entitle him to proceed with his current complaint.[5] Plaintiff states in broad terms that his civil rights were violated, but he fails to say how those rights were violated and by whom. Instead, he collectively refers to defendants in making his sweeping allegations of wrongdoing on their part. Even under the liberal construction

---

[5] As also recognized by the magistrate judge, an alternative reason for dismissal of plaintiff's complaint is that the named defendants are entitled to immunity. Subject to limited exceptions not present here, states have immunity from suit absent their consent. Virginia v. Reinhard, 568 F.3d 110, 115 (4th Cir. 2009). Likewise, judges enjoy absolute judicial immunity from damages liability for judicial acts done within their jurisdiction. Stump v. Sparkman, 435 U.S. 349, 356-57 (1978). Defendant Wilkins, apparently named in this suit for his role in defending plaintiff's previous suit, is also entitled to immunity. See Bryan v. Murphy, 243 F. Supp. 2d 1375, 1380 (N.D. Ga. 2003) (citing cases from several circuits that granted immunity to government attorneys defending the government and its officials).

standard for pro se complaints, plaintiff's pleading falls far short of the Rule 8 standard as expounded by <u>Twombly</u> and <u>Iqbal</u>.  Accordingly, plaintiff's case is dismissed.

### C.  Motion for Nonjoinder

Plaintiff has also filed a motion for nonjoinder seeking to add Magistrate Judge Paige J. Gossett (the magistrate judge to whom this case was referred) as a defendant in this action and to prevent her from further participation in this case in a judicial capacity. Because the court has determined that plaintiff's complaint is deficient and his case can not proceed in its present form, the court denies his motion for nonjoinder.

### D.  Motion for Default Judgment

Finally, plaintiff has filed a motion for default judgment, arguing that he is entitled to such relief because defendants have failed to answer his complaint.  As explained above, the magistrate judge recommended that plaintiff's complaint be summarily dismissed.  This court has now adopted that recommendation.  Therefore, plaintiff's motion for default judgment is denied.

## IV.  CONCLUSION

For the foregoing reasons, the court **ADOPTS** the magistrate judge's report and recommendation, **DISMISSES** plaintiff's complaint, **DENIES** plaintiff's motion to disqualify, **DENIES** plaintiff's motion for nonjoinder, and **DENIES** plaintiff's motion for default judgment.

**AND IT IS SO ORDERED**.

_____
**DAVID C. NORTON**
**CHIEF UNITED STATES DISTRICT JUDGE**

**April 5, 2010**
**Charleston, South Carolina**